# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA NESTER,<br>Plaintiff, | :<br>:<br>:<br>: CIVIL ACTION<br>:<br>: NO. 07-1651<br>:<br>:<br>:<br>: |
| v. | |
| STATE TROOPER MARC ALLEN, *et al.*,<br>Defendants. | |

## Memorandum and Order

YOHN, J.                                                                                                          July 26, 2007

      Plaintiff Donna Nester brings the instant action for violation of her civil rights, alleging invasion of privacy against State Troopers Marc Allen and Joe Derkits.  Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) and a motion for a more definite statement pursuant to Rule 12(e).  For the reasons that follow, the motion will be granted in part and denied in part.

**I. Factual and Procedural Background**

      On February 27, 2004, Nester filed a civil action (No. 04-0867) charging invasion of privacy and harassment against defendants "The Federal Police Officer from Pottstown & State Troopers."  The complaint alleged that her phone calls were being taped and that the police repeatedly subjected her to "# 302s."[1]  On March 3, 2004, the court dismissed Nester's complaint as essentially indecipherable, but did so without prejudice to Nester's right to file an amended complaint.  The order specifically instructed Nester that if she chose to file an amended

---

[1] A # 302 appears to refer to an involuntary commitment in a mental health facility.

complaint, that complaint should contain a short and plain statement of the facts on which her claim was based and, if possible, the names of the defendants in the caption.

On March 22, 2004, Nester filed a revised complaint. This time she identified the defendants as "The Federal Police Officer from Pottstown George Weaver+State Troopers Trooper Custard." The factual allegations in the revised complaint were again largely incomprehensible. On March 24, 2004, the court dismissed Nester's revised complaint with prejudice, ruling that while she did name specific defendants, she did "not identify in any way the factual events involving these defendants upon which [she] relie[d] for her claims."

Then, on June 21, 2006–over two years after she filed her prior motion–Nester filed a motion to reopen, which the court denied because it did not contain any new information about the factual events predicating her claim or the names of the defendants in the action.

On June 30, 2006, Nester filed a new action (No. 06-2871). In this complaint, she alleged that State Troopers Marc Allen and Joe Derkits had invaded her privacy and were listening what was going on in her house. The essence of her complaint was that "[t]hey also can hear my voice everybody when I talk because of what the State Troopers did to my voice!" Again, on July 26, 2006, the court dismissed the complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), but granted plaintiff the right to file an amended complaint within thirty days of the date thereof. Plaintiff did file an amended complaint; however, it was in all material respects identical in substance to her original complaint and it was, therefore, dismissed with prejudice by order dated August 2, 2006.

On August 10, 2006, plaintiff filed a third action (No. 06-3508), which the court dismissed on that same date for the reasons expressed in the prior actions because the complaint

was essentially identical to her complaints in those two actions.

This order was followed by a fourth complaint filed (No. 06-3662) on August 17, 2006 and a fifth complaint(No. 06-3742) filed on August 23, 2006.  The court granted plaintiff's motion to proceed *in forma pauperis* and, in an attempt to have the plaintiff set forth the basis of her claims, scheduled a hearing for September 7, 2006.  Plaintiff advised the court on that date that she was unable to attend the hearing and it was continued until October 3, 2006.  When that date arrived, plaintiff again advised the court that she was unable to attend the hearing and the court advised her to contact chambers when she was ready to attend such a hearing.  On October 23, 2006, she did so and the hearing was scheduled for November 16, 2006.  Plaintiff again, on that date, advised that she was unable to attend the hearing and the court stated that it would grant her until February 16, 2007 to attend the hearing.  On January 31, 2007, the plaintiff advised that she could attend a hearing and a hearing was scheduled on both complaints for February 13, 2007.

Plaintiff attended the hearing on February 13, 2007 with her sister.  Plaintiff advised the court that she was filing the complaints because the police could hear everything that she was saying in her home.  Her evidence supporting this claim is that people were laughing at her.  Plaintiff stated she lived with her mother, whose phone was wiretapped.  The evidence of this was that she could hear a tape running whenever she used the phone.  She also stated that the state troopers followed her and wanted to hire her even though she had not applied for a job.  She then stated that everyone in the United States hears her voice.  Plaintiff claimed this was an invasion of her privacy and that she wanted damages in the amount of five hundred thousand trillion dollars and a deed to the State of Pennsylvania.

3

Plaintiff acknowledged that she had been diagnosed with depression and bipolar disease, that she was seeing a doctor for her depression and that she was on Medicare disability. In an effort to be of assistance, the court had called plaintiff's doctor on August 21, 2006 who advised the court that she was only seeing the plaintiff every 3-6 months, but that plaintiff was on medication. The court has encouraged the plaintiff to seek further medical treatment.

Ultimately, the court granted plaintiff's motion to proceed *in forma pauperis*, but dismissed plaintiff's complaint as frivolous, pursuant to the *in forma pauperis* statute. The court held as follows:

> Because the two pending complaints (one page each) were sprinkled with requests for a hearing, the court went to unusual lengths to grant continuances to the plaintiff so that she could attend a hearing to explain the factual basis for her claims. Based on a careful evaluation of the basically incomprehensible contents of the complaints filed in these cases, the history of the prior similar complaints and the statements of the plaintiff at the hearing, the court is left with the firm conviction that the facts alleged rise well beyond unlikely to the level of fanciful, fantastic, and wholly incredible. Consequently, the court will dismiss the complaints as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

*Nester v. Allen*, 2007 U.S. Dist. LEXIS 25250, at *8 (E.D. Pa. Mar. 22, 2007).

Plaintiff then filed another motion to proceed *in forma pauperis* on April 13, 2007, which the court denied initially and subsequent to plaintiff's motion for reconsideration because plaintiff had sufficient funds to pay the filing fee. Plaintiff paid the filing fee and instituted the instant complaint on May 7, 2007. Plaintiff again asserts a claim for an invasion of privacy, claiming that her "phone is wiretapped by the police." Defendants have filed a motion to dismiss pursuant to Rule 12 (b)(1), (b)(6) and (e). Plaintiff has filed a limited response, stating she will not dismiss her lawsuit.

**II. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)). The court may dismiss a complaint, "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swin Res. Sys., Inc. v. Lycoming County,* 883 F.2d 245, 247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). However, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "A *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting from *Haines v. Kerner*, 404 U.S. 519 (1972)).

**III. Discussion**

Defendant raises several grounds for dismissal of plaintiff's complaint. I will address each argument in turn.

**A. Eleventh Amendment Immunity**

Defendants argue that to the extent plaintiff brings a § 1983 suit for damages against any state agency or the state troopers in their official capacities, her claims are barred by Eleventh Amendment immunity and *Will v. Michigan Department of State Police*, 491 U.S. 58, 69-71

5

(1989). The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its own citizens as well as by citizens of another state." *Benn v. First Judicial Dist.*, 426 F.3d 233, 238 (3d Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890) and *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44). Nor does § 1983 "provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" because the Eleventh Amendment bars such claims. *Will*, 491 U.S. at 66. This bar operates with the same force when "state officials are sued for damages in their official capacity," because "judgment against a public servant in his official capacity imposes liability on the entity that he represents." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (internal quotations and citations omitted); *see also Weldon v. Cywinski*, 2007 U.S. App. LEXIS 7429, at *3 (3d Cir. Mar. 29, 2007) (not precedential) (affirming district court's dismissal of claims against, *inter alia*, the Pennsylvania State Police, as barred by the Eleventh Amendment). Moreover, states and state officials are not "persons" within the meaning of § 1983. *Will*, 491 U.S. at 71 (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *see also Dorsett v. N.J. State Police*, 2007 U.S. Dist. LEXIS 10512, at *9 (D.N.J. Feb. 15, 2007) (finding that "the New Jersey State Police is an arm of the State of New Jersey and, thus, is not subject to suit under § 1983").

However, to the extent that plaintiff seeks prospective or injunctive relief from

defendants in their official capacities, these claims may go forward. *See Will*, 491 U.S. at 71 n. 10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal quotations omitted)); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002) (stating that "a person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the 'legal fiction' of *Ex parte Young*, 209 U.S. 123, 159-60"). Accordingly, I will dismiss plaintiff's claims for damages against defendants in their official capacities.

**B. Defendants' Personal Involvement**

Defendants argue that plaintiff's claim must be dismissed because she does not allege that defendants had any personal involvement in the actions at issue, as required by § 1983. To state a claim under § 1983, a plaintiff must show that the defendant state official(s) were personally involved in the constitutional wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff is alleging defendants wiretapped her phone. Thus, she has alleged personal involvement and her complaint will not be dismissed on this basis.

**C. Failure to State an Invasion of Privacy Claim**

Defendants next argue that plaintiff's claim must fail because she has not identified a constitutionally protected right that defendants have violated. More specifically, they assert that she has not alleged any facts supporting her claim, such as when, why, how, or where her privacy was violated. Plaintiff appears to be attempting to assert some kind of Fourth Amendment

violation.[2]  "In determining whether a particular form of government-initiated electronic surveillance is a 'search' within the meaning of the Fourth Amendment . . . the application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 739, 741 (1979) (citing *Katz v. United States*, 389 U.S. 347 (1967)).  A warrantless wiretap of plaintiff's telephone would state a Fourth Amendment claim.  *See Katz*, 389 U.S. at 353 (1967) (stating "the Fourth Amendment governs not only the seizure of tangible items, but extends as well to the recording of oral statements").  As such, I will not dismiss plaintiff's claim at this juncture for failure to state a constitutional claim of invasion of her privacy.

**E. Plaintiff's Standing**

Defendants assert that plaintiff lacks standing to bring suit because it appears she is raising claims on behalf of her mother because she states her "evidence is the tape on [her] mother's telephone."  Plaintiff clearly believes that she is the target of defendants.  Thus, I will not construe her complaint as asserting the rights of her mother and will not dismiss her suit for lack of standing.

**F. Qualified Immunity**

Defendants next assert that they are unable to undertake the appropriate inquiry for assessing the availability of a qualified immunity defense given the lack of factual specificity of

---

[2]I agree with defendants' argument in the margin that, to the extent plaintiff seeks damages for a state law claim against defendants acting within the scope of their employment, defendants are entitled to sovereign immunity.  However, plaintiff appears to be distinctly bringing a constitutional claim as her complaint is titled "Invasion of Privacy!  Civil Rights Case!"

8

plaintiff's complaint.  As such, they request a more definite statement pursuant to Rule 12(e).  I agree.  Government officials, performing discretionary functions, are entitled to qualified immunity for their actions, if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  I agree that plaintiff has not alleged sufficient facts from which to make this determination.

**G. Request for a More Definite Statement**

As noted, defendants request plaintiff provide a more definite statement pursuant to Rule 12(e).  In all respects, plaintiff's complaint insufficiently alleges facts to support her claim.  Rule 12(e) provides:  "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e).  Plaintiff is directed to comply with the directive of Rule 8 and provide "a short and plain statement of the claim."  Fed. R. Civ. P. 8.  "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).  Thus, plaintiff is directed to provide such information in support of her claim.  If plaintiff fails to provide a more definite statement within thirty days, her complaint will be dismissed without further notice.

**III. Conclusion**

To the extent that plaintiff seeks damages from state officials acting in their official capacities, her claims are dismissed with prejudice.  The remainder of defendants' motion to

dismiss is denied.  However, plaintiff must provide the court and defendants with more information in order to proceed with her claim.  She must provide a short plain statement that includes more information about her allegations, including who is responsible and the actions they took, the dates on which those actions took place, and the manner in which such actions occurred.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA NESTER,<br>Plaintiff,<br><br>v.<br><br>STATE TROOPER MARC ALLEN, *et al.*,<br>Defendants. | CIVIL ACTION<br><br>NO. 07-1651 |

## Order

AND NOW, this 26th day of July 2007, upon careful consideration of plaintiff's complaint and defendants' motion to dismiss and motion for a more definite statement, it is hereby ORDERED that:

(1) Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) is GRANTED with respect to plaintiff's claims for damages against state officials acting in their official capacities; and

(2) The remainder of defendants' motion to dismiss is DENIED;

(3) Defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is GRANTED; and

(4) Plaintiff must file a more definite statement explaining her claim within thirty (30) days of this order. If plaintiff does not file a more definite statement within thirty days (30), her complaint will be dismissed without further notice.

s/William H. Yohn Jr.
William H. Yohn Jr., Judge